PSH
PARTRIDGE SNOW & HAHN LLP
COUNSELORS AT LAW

# CONFIDENTIAL

## FAX COVER SHEET

Date: March 1, 2005
Time:

**PLEASE DELIVER THE FOLLOWING PAGES TO:**

| NAME/COMPANY | FAX NUMBER |
|---|---|
| Harris Weiner, Esq./ | 351-9032 |

| | |
|---|---|
| **FROM:** | Pat D. Stroke |
| **RE:** | Citizens Trust Company v. Kiernan |
| **MESSAGE:** | Unsigned copy of Settlement and Release Agreement |

**NUMBER OF PAGES (including cover):**

Original Will Not Be Sent

The document(s) accompanying this fax transmission contain information from the law firm of Partridge Snow & Hahn LLP which is/are confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited. In this regard, if you have received this fax in error, please notify us immediately by telephone at (401) 861-8200 and please destroy all copies of the documents faxed herewith.

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made as of the 30th day of November, 1994 by and between ANGELINE M. KIERNAN of East Greenwich, Rhode Island ("A. Kiernan"), CITIZENS TRUST COMPANY, a Rhode Island banking corporation ("Citizens Trust"), and CITIZENS SAVINGS BANK, a Rhode Island savings bank ("Citizens Savings"), assignee of Resolution Trust Corporation ("RTC"), as conservator for Old Stone Federal Savings Bank, successor-in-interest to RTC, as receiver for Old Stone Bank, a Federal Savings Bank ("Old Stone"), in the following circumstances:

A. Citizens Trust made loans to Norwood Leasing Co., a Rhode Island corporation ("Norwood"), pursuant to a commitment to make loans to Norwood up to an aggregate principal amount of One Million Dollars ($1,000,000), which loans are evidenced by promissory notes made by Norwood in favor of Citizens Trust as set forth on Exhibit A attached hereto (collectively, the "Norwood Notes"). The Norwood Notes are secured, inter alia, by (i) a lien on all assets of Norwood pursuant to a security agreement dated January 22, 1987 by and between Norwood and Citizens Trust (the "Norwood Security Agreement"), (ii) liens on automobiles pursuant to security agreements executed by Norwood in conjunction with each of the Norwood Notes (collectively, the "Norwood Automobile Security Agreements"), (iii) lease payment assignments pursuant to assignment of lease payment agreements executed by Norwood in conjunction with each of the Norwood Notes (collectively, the "Norwood Lease Assignments"), and (iv) a guaranty dated January 21, 1987 given by James E. Kiernan of East Greenwich, Rhode Island and A. Kiernan to Citizens Trust (the "Norwood Guaranty"). The Norwood Notes, the Norwood Security Agreement, the Norwood Automobile Security Agreements, the Norwood Lease Agreements, the Norwood Guaranty and all documents related to or securing the Norwood Notes are hereinafter collectively referred to as the "Norwood Loan Documents."

B. Old Stone made a loan to J.E.K. Realty Corporation, a Rhode Island corporation ("J.E.K."), which loan is governed, in part, by a loan agreement dated February 11, 1992 by and between J.E.K. and Old Stone (the "J.E.K. Loan Agreement"), and which loan is evidenced by a secured promissory note dated February 11, 1992 made by J.E.K. in favor of Old Stone in the original principal amount of Four Hundred Sixty-Five Thousand Two Hundred Thirteen and 90/100 Dollars ($465,213.90) (the "J.E.K. Note"). The J.E.K. Note is secured, inter alia, by (i) a lien on all assets of J.E.K. pursuant to a security agreement dated February 11, 1992 by and between J.E.K. and Old Stone (the "J.E.K. Security Agreement"), (ii) the guaranties each dated February 11, 1992 given by

A. Kiernan, James Kiernan and Paul Kiernan to Old Stone (collectively, the "J.E.K. Individual Guaranties"), and (iii) the guaranties each dated February 11, 1992 given by Norwood and Kiernan Leasing Company ("Kiernan Leasing") to Old Stone (collectively, the "J.E.K. Corporate Guaranties").

C. The guaranty of A. Kiernan under the J.E.K. Individual Guaranties is secured by an open-end mortgage dated February 11, 1992 granted by A. Kiernan to Old Stone (the "1318 Post Road Mortgage") on the real estate located at 1318 Post Road, Warwick, Rhode Island (the "1318 Post Road Property"). The J.E.K. Corporate Guaranties are secured by liens on all assets of Norwood and Kiernan Leasing pursuant to security agreements each dated February 11, 1992 by and between Norwood, Kiernan Leasing and Old Stone, respectively (collectively, the "J.E.K. Corporate Security Agreements"). The J.E.K. Loan Agreement, the J.E.K. Note, the J.E.K. Security Agreement, the J.E.K. Individual Guaranties, the J.E.K. Corporate Guaranties, the 1318 Post Road Mortgage, the J.E.K. Corporate Security Agreements and all documents related to or securing the J.E.K. Note are hereinafter collectively referred to as the "J.E.K. Loan Documents."

D. In settlement of certain obligations of A. Kiernan to Old Stone relating to, among other things, the J.E.K. Individual Guaranties, A. Kiernan executed and delivered to Old Stone a secured promissory note dated November 22, 1991 in favor of Old Stone in the principal amount of One Hundred Thousand Dollars ($100,000), as amended (as so amended, the "A. Kiernan Note"). The A. Kiernan Note is secured by a mortgage deed dated November 22, 1991 granted by A. Kiernan to Old Stone on real estate located at 8 Oakwood Drive, East Greenwich, Rhode Island (the "Oakwood Drive Property"), as amended (as so amended, the "Oakwood Drive Mortgage"). The A. Kiernan Note and the Oakwood Drive Mortgage, and all documents related to or securing the A. Kiernan Note, are hereinafter collectively referred to as the "A. Kiernan Note Documents."

E. Citizens Trust is the holder and owner of the Norwood Loan Documents; Citizens Savings is the holder and owner of the J.E.K. Loan Documents and the A. Kiernan Note Documents by virtue of assignments from RTC. The Norwood Loan Documents, the J.E.K. Loan Documents, and the A. Kiernan Note Documents are hereinafter collectively referred to as the "Loan Documents."

F. The A. Kiernan Note is presently due and payable in full. Citizens Trust and Citizens Savings (collectively, "Lenders") also claim that A. Kiernan is obligated pursuant to the Norwood Guaranty to pay certain other sums owed by Norwood to Citizens. A. Kiernan has requested that Lenders accept the terms of this Agreement in settlement of Lenders' claims against A. Kiernan, and Lenders have agreed to A. Kiernan's request, but only upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of Lenders' agreements set forth herein, and in further consideration of A. Kiernan's agreement to perform all of her obligations set forth herein, the parties hereby agree as follows:

1. A. Kiernan acknowledges and agrees that she has defaulted under the terms of the Loan Documents as a result of her failure to make certain payments due thereunder, and she further acknowledges and agrees that the outstanding principal balances of the Norwood Notes, the J.E.K. Note and the A. Kiernan Note (collectively, the "Notes"), as of the date hereof, are as follows:

(a) the outstanding aggregate principal balance of the Norwood Notes is ____________ Dollars ($_____);

(b) the outstanding principal balance of the J.E.K. Note is _________ Dollars ($_____); and

(c) the outstanding principal balance of the A. Kiernan Note is _________ Dollars ($_____).

2. A. Kiernan shall, as a condition precedent to Lenders' obligations hereunder, make the following payments and provide the following documents to Lenders at the times set forth below:

(a) pay to Citizens Trust Company, prior to the execution of this Agreement, all sums held by Adler, Pollock & Sheehan in its client fund account for the benefit of A. Kiernan;

(b) pay to Citizens Trust Company, on or before November 30, 1994, a sum equal to the difference between Seventy-Five Thousand Dollars ($75,000) and the amount received by Citizens Trust under paragraph (a) above;

(c) deliver to Lenders, on or before December 1, 1994, a copy of A. Kiernan's application to obtain a loan to be secured by an equity mortgage on the Oakwood Drive Property; and

(d) pay to Citizens Trust, on or before January 30, 1994, the additional sum of Sixty-Five Thousand Dollars ($65,000), which proceeds shall be derived from the closing of the above-referenced loan to be secured by an equity mortgage on the Oakwood Drive Property.

3. Upon payment and performance by A. Kiernan of all of her obligations hereunder, and upon delivery to Lenders of the release of all of their obligations to A. Kiernan under the Loan Documents, which release shall be in the form set forth in Exhibit B attached hereto, Lenders shall deliver to A. Kiernan the following documents:

(a) a release by Lenders of A. Kiernan in the form set forth in Exhibit C attached hereto, discharging all of her obligations under the Loan Documents;

(b) a discharge by Citizens Savings of its mortgage on the Oakwood Drive Property;

(c) a release by Citizens Trust of its attachment on the Oakwood Drive Property; and

(d) releases and discharges of all other documents, liens and mortgages held by Lenders and described in the Loan Documents.

4. Notwithstanding any release of A. Kiernan or any term to the contrary contained herein, in the event that A. Kiernan inherits monies or properties or is the winner of a lottery or similar contest, and such inheritance or winnings occur before the expiration of five (5) years from the date that Lenders receive the payment required under Paragraph 2(d) above, A. Kiernan shall pay to Lenders, in addition to all payments made hereunder, one-half (1/2) of the aggregate of all of such inheritance or winnings in excess of Fifty Thousand Dollars ($50,000), up to a maximum amount paid to Lenders of Two Hundred Thousand Dollars ($200,000).

5. Failure by A. Kiernan to pay or perform any one or more of her obligations when due under this Agreement shall constitute an "Event of Default" hereunder and shall be a default under the Loan Documents, for which Lenders shall have all of their rights and remedies hereunder and under the Loan Documents. In addition, upon the occurrence of an Event of Default, Lenders' obligations hereunder to release A. Kiernan and all other obligations of Lenders to A. Kiernan shall cease and Lenders may commence action against A. Kiernan or any of her assets.

6. This Agreement has been made in the State of Rhode Island and shall be governed, construed, applied and enforced in accordance with the laws of said State without resort to its conflict of laws rules. This Agreement shall be binding upon and shall inure to the benefit of A. Kiernan, Lenders and their respective heirs, executors, administrators, successors and assigns.

7. All notices given hereunder, under the Notes or under any other of the Loan Documents shall be sent by United States mail, certified, return receipt requested, postage prepaid, as follows:

(a) if to A. Kiernan to: Adler Pollock & Sheehan
2300 Hospital Trust Tower
Providence, RI 02903-2443
Attn: Joseph R. Miller, Esq.;

and

(b) if to Lenders, to: Citizens Trust Company/
Citizens Savings Bank
One Citizens Plaza
Providence, RI 02903
Attn: James T. Monaghan,
Assistant Vice President

with a copy to: Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903.
Attn: David M. Gilden, Esq.

8. A. KIERNAN AND LENDERS HEREBY WAIVE TRIAL BY JURY IN ANY LITIGATION IN ANY COURT WITH RESPECT TO, IN CONNECTION WITH, OR ARISING OUT OF THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY INSTRUMENT OR DOCUMENT DELIVERED IN CONNECTION HEREWITH OR THEREWITH, OR THE VALIDITY, PROTECTION, INTERPRETATION, COLLECTION OR ENFORCEMENT THEREOF, OR ANY OTHER CLAIM OR DISPUTE HOWSOEVER ARISING BETWEEN A. KIERNAN AND LENDERS.

9. This Agreement and any amendment hereof may be executed in several counterparts and by each party on a separate counterpart, each of which when so executed and delivered shall be an original, and all of which together shall constitute one instrument. In proving this Agreement it shall not be necessary to produce or account for more than one such counterpart signed by the party against whom enforcement is sought.

IN WITNESS WHEREOF, A. Kiernan and Lenders have executed this Agreement as of the date first above written.

Witnessed by:

____________ ______________

Angeline M. Kiernan, Individually

CITIZENS TRUST COMPANY

____________ By:_____________

James T. Monaghan,
Assistant Vice President

CITIZENS SAVINGS BANK

____________ By:_____________

James T. Monaghan,
Assistant Vice President

STATE OF _____
COUNTY OF _____

In ________, in said County, on the __ day of _____, 1994, before me personally appeared the within-named Angeline M. Kiernan, to me known and known by me to be the party executing the foregoing instrument, and she acknowledged said instrument by her so executed to be her free act and deed.

______________
Notary Public
My Commission expires:____

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, in said County, on the __ day of _____, 1994, before me personally appeared the within-named James T. Monaghan, to me known and known by me to be an Assistant Vice President of Citizens Trust Company, the party executing the foregoing instrument, and he acknowledged said instrument by him so executed to be his free act and deed in such capacity and the free act and deed of said Citizens Trust Company.

______________
Notary Public
My Commission expires:____

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, in said County, on the __ day of _____, 1994, before me personally appeared the within-named James T. Monaghan, to me known and known by me to be an Assistant Vice President of Citizens Savings Bank, the party executing the foregoing instrument, and he acknowledged said instrument by him so executed to be his free act and deed in such capacity and the free act and deed of said Citizens Savings Bank.

____________________
Notary Public
My Commission expires:____

1494ELWPP

**EXHIBIT A**

List of Notes - Norwood

EXHIBIT B

Form of Release - A. Kiernan

1494ELWPP

EXHIBIT C

Form of Release - Citizens

1494ELWPP