# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN,<br>Plaintiffs<br><br>v.<br><br>CITIZENS BANK OF RHODE ISLAND,<br>Defendant | C.A. No. 05-292 S |

## ANSWER TO COMPLAINT

Now comes defendant, Citizens Bank of Rhode Island ("CBRI"), and hereby answers plaintiffs' complaint as follows:

### Parties

1. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

2. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

3. Admitted.

### Background

4. Upon information and belief, admitted that CBRI is the successor in interest to Citizens Trust Company with respect to loan(s) made by Citizens Trust Company to plaintiffs and/or Norwood Leasing Company and/or Angeline Kiernan. Upon information and belief, denied that Citizens Savings Bank made loan(s) or was a successor in interest to loan(s) made to plaintiffs and/or Norwood Leasing Company. Upon information and belief, admitted that Citizens Savings Bank was a successor in interest to loan(s) made to Angeline Kiernan.

Upon information and belief, admitted that CBRI is the successor in interest to Citizens Savings Bank with respect to loan(s) made to Angeline Kiernan.

5. Upon information and belief, admitted that CBRI is the successor in interest to Citizens Savings Bank, assignee of Resolution Trust Corporation ("RTC"), as conservator for Old Stone Federal Savings Bank, successor in interest to RTC, as receiver for Old Stone Bank, a Federal Savings Bank, which made loan(s) to Angeline Kiernan. Upon information and belief, denied that loan(s) were made to plaintiffs or Norwood Leasing Company as alleged in this paragraph.

6. Denied. Upon information and belief, the amounts loaned to plaintiffs and/or Norwood Leasing Company and/or Angeline Kiernan exceed $1.5 million.

7. Admitted that Citizens Trust Company initiated the collection action referenced in this paragraph. Admitted that the document attached as Exhibit A to the complaint is a true copy of the dismissal stipulation without prejudice.

8. Admitted that the collection action was dismissed without prejudice following a settlement with Angeline Kiernan. Denied that the settlement was with Norwood Leasing Company. Denied that the settlement provided sufficient consideration to satisfy the outstanding obligations subject to the collection action. Admitted that the document attached to the complaint as Exhibit B is a true copy of the draft settlement agreement with Angeline Kiernan from the records of Citizens Trust Company's counsel.

9. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

10. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

11. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

12. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

13. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

14. Upon information and belief, denied that Old Stone Bank extended a loan to plaintiffs, Norwood Leasing Company and/or Kiernan Leasing Company. Upon information and belief, admitted that CBRI is the successor in interest to the Old Stone Bank loan extended to Angeline Kiernan, as successor to Citizens Savings Bank, assignee of the RTC, as conservator for Old Stone Federal Savings Bank, successor in interest to RTC, as receiver for Old Stone Bank, a Federal Savings Bank.

15. Admitted that Citizens Trust Company and/or Citizens Savings Bank received consideration from Angeline Kiernan that partially satisfied the indebtedness that is the subject of the collection action referenced in plaintiffs' complaint. Denied that such consideration fully satisfied such indebtedness. Denied that Norwood Leasing Company provided any consideration for the settlement with Angeline Kiernan. CBRI is without sufficient information to admit or deny whether the settlement with Angeline Kiernan in any part satisfies the restitution plaintiffs allege to be making and leaves plaintiffs to their proof thereof.

**Jurisdiction**

16. This paragraph calls for a legal conclusion to which no response is required.

**Count I (Declaratory Judgment)**

17. CBRI repeats and realleges its answers to paragraphs 1 through 16 of its answer as if each were more fully set forth herein.

18. This paragraph sets forth plaintiffs' requests for relief. No response is required. To the extent a response is required, CBRI denies the allegations and requests that the relief sought by plaintiffs be denied.

WHEREFORE, defendant, Citizens Bank of Rhode Island, requests that plaintiffs' complaint be denied and dismissed in its entirety, and that CBRI be awarded its attorneys' fees and costs of defense and such other and further relief as may be deemed just and proper.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' complaint is barred by the applicable statute of limitations.

3. CBRI pleads the affirmative defenses of waiver, estoppel, laches and unclean hands.

CITIZENS BANK OF RHODE ISLAND

By its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Melissa E. Darigan (#4792)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: August 23, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER TO COMPLAINT was mailed, postage prepaid, on this 23rd day of August, 2005 to:

Jeffrey B. Pine, Esq.
Providence, RI 02903

814773_1/965-1139