FDIC
**Federal Deposit Insurance Corporation**
550 17th Street, NW
H – 11084
Washington, DC 20429

Bruce C. Taylor
Tel 202.736.0133
Fax 202.736.0589
btaylor@fdic.gov

October 26, 2005

RECEIVED
NOV - 1 2005
U.S. ATTORNEY
DISTRICT OF R.I.

Sylvia Dulgarian
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Re: **Paul and James Kiernan**
Old Stone FSB
Providence, RI FIN #1290 (01/29/1993)
*U.S. v. Paul Kiernan*, No. CR 92-51-01L (Sentenced 6/30/92)
*U.S. v. James Kiernan*, No. CR 92-51-02L (Sentenced 6/30/92)
FDIC's Right to Collect Restitution Originally Awarded to Old Stone Bank

Dear Sylvia:

This letter explains why Paul and James Kiernan owe $525,360 to the FDIC – as ultimate successor to the restitution rights of Old Stone Bank.

**Summary**

Old Stone Bank – a named victim in the above-referenced cases – failed about seven months after the district court entered the judgments requiring Paul and James Kiernan to pay restitution to both Old Stone Bank and Citizens Bank. Old Stone Bank's assets were transferred to a new institution named Old Stone Federal Savings Bank, which was placed in RTC conservatorship and then receivership. When Old Stone Federal was placed in receivership, Citizens Bank acquired the deposit liabilities and certain assets of Old Stone Federal from the receiver. Among the assets acquired by Citizens Bank were loans that were originally owned by Old Stone Bank. However, Citizens Bank *did not* acquire Old Stone Bank's rights under the Kiernan restitution orders or similar judgments or claims. Rather, the restitution rights originally belonging to Old Stone Bank remained with the RTC and ultimately passed by operation of law to the FDIC, which still holds those rights.

Nonetheless, the presence of Citizens Bank as a named victim in the Kiernan restitution orders – in addition to Old Stone Bank – and Citizen Bank's later acquisition of some of Old Stone Bank's assets apparently have caused one or more parties to assume that Citizens Bank succeeded to Old Stone Bank's rights in the Kiernan restitution orders. From this erroneous premise, the same party or parties conclude that 1) a settlement between Citizens Bank and the Kiernans' mother regarding certain loans originated at both Citizens Bank and Old Stone Bank in effect reduced or released the Kiernans' restitution obligations to both Citizens Bank and Old Stone Bank, and 2) a waiver by Citizens Bank of its right to restitution also would waive the right to restitution

originally awarded to Old Stone Bank. However, because Citizens Bank never acquired an interest in Old Stone Bank's restitution rights, an agreement between Citizens Bank and the Kiernans – or any other party – simply could not affect Old Stone Bank's restitution rights or the rights of the FDIC as ultimate successor to Old Stone Bank.

The circumstances leading to the FDIC's current ownership of Old Stone Bank's restitution rights are explained in more detail below.

**The Kiernan Restitution Orders – June 30, 1992**

On June 30, 1992, the United States District Court for the District of Rhode Island sentenced Paul and James Kiernan ("the Kiernans") on their guilty pleas to bank fraud in the above-referenced cases. In separate judgments, the district court ordered the Kiernans to jointly pay restitution in the amount of $526,800 to Old Stone Bank and an additional $209,220 to Citizens Bank ("the Kiernan restitution orders").[1]

**The Closure of Old Stone Bank – January 29, 1993**

On January 29, 1993, the Office of Thrift Supervision ("OTS") closed Old Stone Bank, a Federal Savings Bank ("Old Stone Bank") and appointed the Resolution Trust Corporation ("RTC") as receiver.[2] The RTC as receiver for Old Stone Bank succeeded by operation of law to all rights, titles, powers, and privileges in the assets of Old Stone Bank.[3]

Also on January 29, 1993, the OTS chartered Old Stone Federal Savings Bank ("Old Stone Federal") as a new federally insured savings association and appointed the RTC as conservator.[4]

The RTC as receiver for Old Stone Bank transferred the assets of Old Stone Bank to the RTC as conservator of Old Stone Federal.[5] Among the assets transferred were, "Actions, *judgments* or claims of the Receiver against . . . any other Person whose action or inaction may be related to any loss incurred by [Old Stone Bank]."[6] The Kiernan restitution orders – which covered losses suffered by Old Stone Bank due to a check kiting scheme – were transferred to Old Stone Federal under the cited provision of the 1993 P&A.

---

[1] In case No. CR 92-51-01L, the district court ordered the Kiernans jointly to pay restitution in the amount of $526,800 to Old Stone Bank and $140,000 to Citizens Bank. In case No. CR 92-51-02L, the district court included the preceding terms and also ordered James Kiernan individually to pay restitution in the amount of $69,220 to Citizens Bank.

[2] Tab 1 - OTS Order No. 93-12 (January 29, 1993).

[3] 12 U.S.C.A. § 1821(d)(2)(A) (West 2001), made applicable by 12 U.S.C.A. § 1441a(b)(4)(A) (West 2001). NOTE – In all material respects, the language of the provisions cited herein is the same as that appearing in the versions in force on the date of the referenced event. *See* Historical and Statutory Notes following the cited provisions.

[4] Tab 1 - OTS Order 93-12 (January 29, 1993).

[5] Tab 2 - Purchase and Assumption Agreement between RTC, as Receiver of Old Stone Bank, and the RTC, as Conservator of Old Stone Federal Savings Bank (January 29, 1993), at 1-2. The January 29, 1993 Purchase & Assumption Agreement is hereinafter referred to as "the 1993 P&A."

[6] Tab 2 - section 3.1(o) of the 1993 P&A, at 8. (Emphasis added).

**The Closure of Old Stone Federal Savings Bank – July 8, 1994**

The RTC as conservator managed Old Stone Federal until July 8, 1994, when the OTS closed Old Stone Federal and replaced the conservator with the RTC as receiver.[7] The RTC as receiver for Old Stone Federal transferred certain assets of Old Stone Federal to Citizens Savings Bank ("Citizens Savings"), but *the Kiernan restitution orders were not among the assets transferred*, as explained below.[8]

The transaction between the RTC as conservator and Citizens Savings is governed by several documents, chiefly a document called a Whole Purchase and Assumption Agreement ("Whole P&A"), the schedules and attachments to the Whole P&A, and the RTC Standard Purchase and Assumption Terms and Conditions (Iota version, December 25, 1993) ("Standard Terms").[9] RTC as receiver of Old Stone Federal transferred – and Citizens Savings purchased – cash, investment grade securities, federal funds sold, assets securing assumed deposits, cash collateralized loans, and loans which were overdrafts.[10] Citizens Savings also purchased certain assets listed on the asset schedules to the Whole P&A.[11] However, Citizens Savings did not purchase all of Old Stone Federal's assets.[12]

The Kiernan restitution orders do not appear among the assets purchased by Citizens Savings pursuant to section 3.1 of the Standard Terms nor do they appear among those identified on the asset schedules to the Whole P&A.

In addition – and more to the point – certain assets were *expressly excluded* from the purchase and were *not transferred* to Citizens Savings – in including assets of the type represented by the Kiernan restitution orders – pursuant to section 3.5 of the Standard Terms.[13] In particular, section 3.5(a) of the Standard Terms provided in pertinent part:

---

[7] Tab 3 - OTS Order No. 94-27 (July 8, 1994).

[8] I assume that "Citizens Savings Bank" is one and the same as the "Citizens Bank" named in the Kiernan restitution orders or otherwise is the successor to Citizens Bank.

[9] Collectively, these documents are sometimes referred to as "the 1994 P&A." The documents taken together govern the rights and obligations of the parties to the transaction, but for ease of reference they are attached separately at different Tabs. Where applicable, pin cites are provided to both original page numbers and Bates numbers – Bates numbers are identified as such and shown in brackets.

[10] Tab 6 - section 3.1(a) – (f) of the Standard Terms and Conditions, at 20-21 [Bates No. 32-33]; made applicable by section 2(b) of the Whole P&A, at A-2, A-3 [Bates No. 92-93] – *See* Tab 4..

[11] *See* Tab 4 - sections 3(b), 3(c), and 3(g) of the Whole P&A; and Tab 5 - Schedule A-1, Schedule A-2, and Schedule A-3.

[12] A press release issued in conjunction with the transaction reported that Citizens Savings purchased only $546 million of Old Stone Federal's total assets of $1.4 billion, while the RTC retained approximately $828 million in assets – or roughly 61% of Old Stone Federal's total assets. Tab 7 - 1994 WL 329200, News Release, Resolution Trust Corporation, Old Stone Federal Savings Bank Providence, Rhode Island, Acquired by Citizens Savings Bank, Providence Rhode Island (July 8, 1994).

[13] Tab 6 - section 3.5 of the Standard Terms, at 29-31 [Bates No. 41-43], made applicable by section D of the Whole P&A, at A-2 [Bates No. 92] – *See* Tab 4.

> 3.5 Assets Excluded. *Notwithstanding anything to the contrary* contained in the Agreement, [Citizens Savings] *shall neither acquire nor obtain an option to acquire* under the Agreement any of the following:
>
> (a) Any action, *judgment* or claim against . . . (iv) any other Person whose action or inaction may be *related to any loss* (exclusive of any loss resulting from such Person's failure to pay on an extension of credit from [Old Stone Federal] or any Predecessor Thrift) incurred by [Old Stone Federal] or any Predecessor Thrift . . . .[14]

(Emphasis added).

In sum, there are no judgments identified among the list of assets purchased by Citizens Savings. Moreover, judgments of the type represented by the losses covered by the Kiernan restitution orders were expressly excluded by section 3.5(a) of the Standard Terms.[15]

In fact, the RTC as receiver transferred all its right, title and interest in judgments such as the Kiernan restitution orders to the RTC in its corporate capacity, pursuant to a Contract of Sale dated July 8, 1994. Section 2.1 of the Contract of Sale provided in pertinent part:

> 2.1 Assets Purchased
>
> (a) The Receiver hereby sells, assigns, transfers, conveys and delivers, without recourse, to the Corporation . . . all of the Receiver's present or future right, title and interest . . . in and to any all actions, *judgments* or claims of the Receiver against . . . (iv) any other Person whose action or inaction may be related to any loss . . . incurred by the [Old Stone Federal] or any Affiliate thereof, or any Predecessor Depository Institution or any Affiliate thereto . . . *The Receiver hereby designates the Corporation as the appropriate recipient of any restitution ordered*, or which may later be ordered, in favor of the Receiver as part of any civil, criminal or administrative proceeding based, in whole or in part, on any action, judgment or claim covered by this Section 2.1(a).[16]

(Emphasis added).

It is clear that the Kiernan restitution orders *were not* transferred to Citizens Savings.

---

[14] Tab 6 – section 3.5(a), at 29 [Bates No. 41].

[15] The sole exception – for losses resulting from a failure to pay on an extension of credit – clearly does not apply to the offense of check kiting for which the Kiernans were ordered to pay restitution.

[16] Tab 8 - section 2.1(a) of the Contract of Sale, at 5-6 [Bates No. 164-165].

**Sunset of the RTC – December 31, 1995**

The RTC ceased to exist on December 31, 1995.[17] On December 31, 1995, the FDIC, as manager of the FSLIC Resolution Fund, succeeded by operation of law to all right, title, and interest in the assets held by the RTC in its conservatorship, receivership, and corporate capacities.[18] The Kiernan restitution orders were among the assets acquired by operation of law by the FDIC.

**The FDIC Has the Right to Collect the Restitution Awarded to Old Stone Bank in 1992**

The FDIC's records show that the Kiernan restitution orders are held by the FDIC and that the FDIC has not assigned, transferred or sold its right, title and interest in the Kiernan restitution orders.[19] Consequently, any settlement between Citizens Savings and any other person could not reduce or adversely affect the restitution owed by Paul and James Kiernan to the FDIC. Likewise, any waiver by Citizens Savings of the right to collect restitution from Paul and James Kiernan could not reduce or adversely affect the restitution owed by Paul and James Kiernan to the FDIC.

The FDIC owns the right to collect the restitution originally awarded to Old Stone Bank. As of October 13, 2005, the Kiernans still owed the FDIC $525,360 of the $526,800 originally awarded to Old Stone Bank.[20]

**Conclusion**

I hope this clarifies the FDIC's position. As discussed, you may share this letter with interested third parties if they have questions about the FDIC's continued right to collect restitution under the Kiernan restitution orders.

If anyone formally challenges the FDIC's right to restitution, we request notice and an opportunity to protect and preserve the FDIC's interests. Thank you for your attention to this matter. Please let me know if you have any questions.

Sincerely,

Bruce C. Taylor
Counsel – Financial Crimes Unit

Attachments
cc: John A. Davidovich
Robert V. Mendell
Richard O. Romero

---

[17] 12 U.S.C.A. § 1441a(m)(1) (West 2001).
[18] 12 U.S.C.A. § 1441a(m)(1) and (2) (West 2001). *See* 12 U.S.C.A. § 1821a(a) (West 2001).
[19] Tab 9 - Affidavit of Robert V. Mendell (October 25, 2005).
[20] *Id.*