UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN<br><br>Plaintiffs,<br>vs.<br><br>CITIZENS BANK OF RHODE ISLAND<br><br>Defendant | C.A. No. 05-292-S |

**MOTION TO AMEND COMPLAINT AND FOR JOINDER**

Now come Plaintiffs James E. Kiernan and Paul A. Kiernan pursuant to Fed. R. Civ. P. 15(a) and 19 to amend their Complaint in the form attached hereto and join the Federal Deposit Insurance Corporation as a defendant for the reasons set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion to Amend and for Joinder.

Respectfully Submitted,
Plaintiffs James E. Kiernan and Paul A. Kiernan
By and through their attorneys,

Harris K. Weiner, Esq. (#3779)
Jeffrey B. Pine, Esq. (#2278)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI 02903
401.351.8200 – Telephone
401.351-9032 – Facsimile

**CERTIFICATION**

I, the undersigned, hereby certify that on this 3rd day of July 2006, a copy of the foregoing *Motion to Amend Complaint*, was faxed (401-861-8210) and mailed postage pre-paid to Melissa Darigan, Esq. Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903.

Leslie Luciano

Leslie A. Luciano

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN<br><br>Plaintiffs,<br>vs.<br><br>CITIZENS BANK OF RHODE ISLAND<br><br>Defendant | C.A. No. 05-292-S |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT AND FOR JOINDER**

## INTRODUCTION

Now come Plaintiffs James E. Kiernan and Paul A. Kiernan pursuant to Fed. R. Civ. P. 15(a) and 19 to amend their Complaint to restate facts gleamed through discovery and to add the Federal Deposit Insurance Corporation ("FDIC") as a necessary co-defendant.

## BACKGROUND

The present matter is Plaintiffs' action for a declaratory judgment to modify a 1992 Restitution Order that should have been amended fourteen years ago when the victims received large sums through voluntary settlements made by the Plaintiffs' mother on their behalf.

At the time the Plaintiffs were sentenced for one count of bank fraud in June 1992 in connection with check kiting at their family auto leasing business, negotiations were underway between their mother and the banks to mitigate restitution and thereby reduce the sentences. The sentencing Judge was apparently aware of these laudable efforts by the Kiernans and reportedly referenced

the repayment plans from the bench during sentencing. He imposed a minimum twenty-one-month sentence on James E. Kiernan and imposed only home confinement for his brother Paul. However, because the restitution payments were made after sentencing, through a combination of cash transfers and pledges of property, they were not reflected in the sentencing Judge's Restitution Order, which was never modified.

The two banks that were victimized were Citizens Bank and Old Stone Bank. The damages to these banks arose through checking overdrafts of $140,000 to Citizens and $526,800 to Old Stone plus $69,220 to Citizens for double-financing certain vehicles. These banks suffered no losses from any loans or other banking instruments or relationships with Plaintiffs or the leasing companies with which the Plaintiffs were affiliated. Lines of credit balances and the corresponding vehicles were taken over by other dealerships under the auspices of the financial institutions, and the banks were made whole on those transferred lease financings.

Mrs. Kiernan in 1992 pledged two properties to Old Stone Bank which were auctioned in July 1992 yielding $207,500 for that bank. Those proceeds were strictly for restitution.

Mrs. Kiernan paid Citizens Bank $140,000 pursuant to a December 1994 settlement agreement to resolve all indebtedness to that bank. Those proceeds were to offset the overdrafts and for no other purpose. That sum corresponds with the exact amount of the overdrafts.

In 1996 James Kiernan paid Citizens Bank another settlement sum to resolve a Providence Superior Court collection action concerning the restitution. James Kiernan understood, through his then-counsel, that this would settle all restitution obligations to both Citizens and Old Stone as Citizens had assumed Old Stone's assets via the Resolution Trust Corporation and the FDIC.

**<u>NEED TO AMEND AND JOIN THE FDIC</u>**

Plaintiffs did not learn until the original discovery deadline in the current action nearly expired that the FDIC continues to assert a right of restitution for $526,800 under the original Restitution Order. Subsequent correspondence with the FDIC has failed to reveal whether the Plaintiffs were

ever credited with the $207,500 received by Old Stone Bank from Mrs. Kiernan, or whether Old Stone settled with the Kiernans. Consequently, it is imperative to bring the FDIC into this action to modify the Restitution Order. The significant passage of time has erased much of the paper trail which has largely been exhausted regarding Citizens Bank. There simply is no paper trail concerning the FDIC's claim, except the FDIC's own records. Since the collection rights of the FDIC are also involved, that entity is an indispensable party.

Rule 19(a) provides in pertinent part as follows: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

The foregoing provision describes the current posture of this dispute and is clearly applicable. The FDIC rebuffed the Plaintiffs' suggestion that it intervene, so involuntary joinder is now appropriate.

It is axiomatic under Rule 15(a) that motions to amend shall liberally be granted, particularly when the interests of justice are served thereby. According to commentators, subdivision a of Rule 15 encourages the court to look favorably on requests to amend. WRIGHT, MILLER & KANE, *Federal Practice and Procedure* §1484 (1990). "If no prejudice is found, then leave normally will be granted." Id.

Here, Defendant Citizens Bank will suffer no prejudice if the FDIC is joined. However, the FDIC will be prejudiced if it is not joined.

Absent proper adjustments to the FDIC's claim, gross inequities will persist and the Plaintiffs may be forced to make duplicate payments to these banks and continue to suffer under the full weight of the unmodified Restitution Order.

The current parties have worked diligently to reconstruct the travel and transactions regarding this controversy. The process has been made difficult by the passage of fourteen years during which files have been lost or destroyed, personnel have been replaced, institutions have become defunct and many pertinent communications were not duly memorialized.

Allowing the Plaintiffs to amend will clarify and refine the current record and provide another necessary source of relevant information to help the Court reach a fair, just and accurate decision.

For the foregoing reasons, Plaintiffs James E. Kiernan and Paul A. Kiernan respectfully request that their Motion to Amend Complaint and for Joinder be granted.

Respectfully Submitted,
Plaintiffs James E. Kiernan and Paul A. Kiernan
By and through their attorneys,

Harris K. Weiner, Esq. (#3779)
Jeffrey B. Pine, Esq. (#2278)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI 02903
401.351.8200 – Telephone
401.351-9032 – Facsimile

***CERTIFICATION***

I, the undersigned, hereby certify that on this 3rd day of July 2006, a copy of the foregoing *Memorandum of Law in Support of Motion to Amend Complaint*, was faxed (401-861-8210) mailed postage pre-paid to Melissa Darigan, Esq. Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903.

Leslie Luciano

Leslie A. Luciano