UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN<br><br>Plaintiffs,<br>vs.<br><br>CITIZENS BANK OF RHODE ISLAND and the FEDERAL DEPOSIT INSURANCE CORPORATION<br><br>Defendants | C.A. No. 05-292-S |

## FIRST AMENDED COMPLAINT

### Parties

1. Plaintiff James E. Kiernan resides at 25 Severin Court, East Greenwich, Rhode Island, 02818.
2. Plaintiff Paul Kiernan resides at 9 Graywood Drive, Lincoln, Rhode Island 02865.
3. Defendant Citizens Bank of Rhode Island, upon information and belief, is a Rhode Island financial institution with offices at One Citizens Plaza, Providence, Rhode Island 02903.
4. Defendant Federal Deposit Insurance Corporation, upon information and belief is a federally charted quasi-public corporation with offices at 550 17th Street NW, Washington, D.C. 20429.

**Background**

5. Defendant Citizens Bank of Rhode Island, upon information and belief, is successor in interest to Citizens Trust Company and Citizens Savings Bank with respect to certain overdrafts by Norwood Leasing Company and/or Kiernan Leasing Company incurred between 1990 and 1991 which totaled $140,000.

6. Defendant Citizens Bank of Rhode Island, upon information and belief, is successor in interest to Citizens Trust Company and Citizens Savings Bank with respect to certain overdrafts by Norwood Leasing Company and/or Kiernan Leasing Company associated with double-financing of vehicles by Plaintiff James B. Kiernan which totaled $69,220.00

7. Angeline Kiernan, mother of the Plaintiffs, on behalf of her sons against whom criminal proceedings had been instituted, agreed to pay $140,00 plus car lease proceeds of $25,907.22 to Defendant Citizens Bank's predecessors in interest to reduce the overdrafts and corresponding restitution to the Bank. She pledged several properties as security for said payments.

8. Citizens Trust Company initiated a collection action in Providence County Superior Court encaptioned Citizens Trust Company v. Norwood Leasing Co., Angelina M. Kiernan, James E. Kiernan, III, Paul A. Kiernan and Kiernan Leasing Co., C.A.No. PC91-7860, which was dismissed on or about April 4, 1996 in consideration of payments of $140,000 by Angeline Kiernan and an additional payment by James Kiernan.

9. The Federal Deposit Insurance Corporation, upon information and belief, is successor in interest to Old Stone Bank with respect to overdrafts by Norwood Leasing Co. and/or Kiernan Leasing Co. totaling $526,800.

10. Before the FDIC assumed the Old Stone Bank's interest, Angeline Kiernan, on behalf of the sons (Plaintiffs James and Paul Kiernan) pledged to Old Stone Bank several pieces of property she owned or controlled that the Bank sold to satisfy the overdrafts.

11. On July 24, 1992, almost immediately after the Plaintiffs were sentenced for bank fraud pursuant to plea bargains, Old Stone Bank auctioned 1002 Main Street, East Greenwich, Rhode Island pursuant to Affidavit (by Old Stone Bank Vice President Kristen LaPrise) of Sale Under Power of Sale in Mortgage from Mrs. Kiernan to Joseph Zenga and Ursula Zenga for $137,500 but the Bank failed to credit the Plaintiffs with this amount toward restitution.

12. On July 28, 1992, almost immediately after the Plaintiffs were sentenced for bank fraud pursuant to a plea bargain, Old Stone Bank auctioned property at Post Road, Warwick, Rhode Island pursuant to Affidavit (by Kristen LaPrise) of Sale Under Power of Sale in Mortgage by Mrs. Kiernan to John P. Leyden and Maureen Leyden for $70,500 but the Bank failed to credit Plaintiffs with this amount toward restitution.

13. On June 30, 1992, Defendant James E. Kiernan was convicted of one count of bank fraud and sentenced to 21 months in federal prison together with an order of restitution that he jointly pay with co-defendant Paul A. Kiernan $526,800 to Old Stone Bank, $140,000 to Citizens Bank and that James separately pay Citizens Bank

$69,220 in accordance with a restitution payment schedule to be determined by the Probation Office. See Restitution Order attached hereto.

14. After sentencing, Paul Kiernan began making restitution payments of $50 per month until the settlement with Citizens Bank in April 1996 when Plaintiffs resolved all restitution obligations as Citizens Bank had assumed the pertinent assets of the failed Old Stone Bank.

15. Upon his release from prison after serving 18 months, James Kiernan began making restitution payments of $75 per month until the April 1996 settlement with Citizens Bank settled all restitution obligations of the Plaintiffs to Citizens Bank and Old Stone Bank.

16. In 2002 the U.S. Department of Justice informed Paul Kiernan that he still owed $732,095 in restitution despite the settlement.

17. Over Paul Kiernan's protests and objections, the Government garnished 25% of his wages and have collected approximately $40,000 from him since September 2004.

18. Since July 1998, James Kiernan has made restitution payments which increased on or about November 2004 from $75 per month to $1,750 per month which he has diligently maintained since that date, paying over $40,000 in restitution and reducing the total alleged indebtedness to less than $670,000.

19. Plaintiffs learned for the first time in early 2006 that the United States Attorney's Office in Providence, Rhode Island has retained most but not all of the restitution payments and that Citizens Bank of Rhode Island has received a small fraction of the Kiernans' payments and dollars.

20. Plaintiffs learned for the first time in early 2006 that the FDIC contends that it is still owed the full amount of the original restitution order notwithstanding payments received and settlements made by the FDIC's successor in interest, Old Stone Bank.

21. Despite repeated demands by Plaintiffs for credit of the payments of $207,500 made to Old Stone Bank through sale of Mrs. Kiernan's property, or an accounting of restitution payments received by the FDIC, the Defendant FDIC has failed and refused to comply.

22. Upon information and belief, both Defendants received good and valuable consideration from Norwood Leasing Company and Angeline Kiernan in satisfaction of the indebtedness of Plaintiffs James E. Kiernan and Paul A. Kiernan.

23. Angeline Kiernan's settlement obligations to Citizens Bank and Old Stone Bank were voluntarily undertaken solely to mitigate the severity of her sons' sentences by reducing the restitution owed.

24. Because the $140,000 in payments to Citizens Bank were made after sentencing and no proper effort was made to modify the Restitution Order at that time, credit was not appropriately applied to the Restitution Order and records of the U.S. Attorney. Citizens Bank, however, has no balance due.

25. Because $207,500 in payments to Old Stone Bank were made in July 1992 without properly modifying the Restitution Order, credits were not appropriately applied to the Restitution Order and records of the U.S. Attorney. The FDIC is owed no more than $319,300 less installments made to the U.S. Attorney totaling over $80,000.

26. Plaintiffs were informed by their then-attorney not to worry about any restitution payments after the settlement and dismissal of Citizens Bank in 1996, believing in

good faith that the Restitution Order had been satisfied by the payments made by Angeline, James and Paul prior to April 1996.

**Jurisdiction**

27. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. section 1331.

**Count I - Declaratory Judgment Against Citizens**

28. Plaintiffs hereby restate and incorporate by reference paragraphs 1-27 as if fully set forth herein.

29. Pursuant to the Fed. R. Civ. P. 57 and 28 U.S.C. §2201, Plaintiffs seek a Declaratory Judgment that establishes the following:

    a. That Defendant Citizens Bank of Rhode Island is the successor in interest to Citizens Savings Bank and Citizens Trust Company with respect to overdrafts incurred by Norwood Leasing Company and/or Kiernan Leasing Company for which James B. Kiernan and Paul A. Kiernan were ordered to make restitution;

    b. That the indebtedness to Defendant Citizens Bank of Rhode Island was fully satisfied by payments made through April 4, 1996 by Angeline Kiernan, James E. Kiernan and Paul A. Kiernan;

    c. That Old Stone Bank in July 1992 received proceeds totaling at least $207,500 from the sale of two properties Angeline Kiernan had voluntarily pledged to mitigate her sons' restitution;

d. That Old Stone Bank also should receive all restitution payments made by James Kiernan and Paul A. Kiernan after April 4, 1996 to be credited toward restitution;

e. The Restitution Order of June 30, 1992 which Judge Lagueux signed on July 11, 1992 is modified accordingly.

Respectfully Submitted,
Plaintiffs James E. Kiernan and Paul A. Kiernan
By and through their attorneys,

Harris K. Weiner, Esq. (#3779)
Jeffrey B. Pine, Esq. (#2278)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI 02903
401.351.8200 – Telephone
401.351-9032 – Facsimile

## CERTIFICATION

I, the undersigned, hereby certify that on this 3rd day of July 2006, a copy of the foregoing *First Amended Complaint*, was faxed (401-861-8210) and mailed postage pre-paid to Melissa Darigan, Esq. Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903.

Leslie Luciano
Leslie A. Luciano

COPY

Attest to True Copy
RAYMOND F. BURGHARDT
Clerk
By Deputy Clerk

# United States District Court

_______________ District of _______________

UNITED STATES OF AMERICA
V.

JAMES E. KEIRNAN
(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 92-51-02L

Peter Dibiase
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s) 1

☐ was found guilty on count(s) _______________ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1344 & 2 | BANK FRAUD | 9/91-10/91 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _______________, and is discharged as to such count(s).

☐ Count(s) _______________ (is)(are) dismissed on the motion of the United States.

☐ It is ordered that the defendant shall pay a special assessment of $ 50.00, for count(s) 1, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 9/4/63

Defendant's Mailing Address:
187 XXXXXX Richmond Drive
Warwick, RI 02888

Defendant's Residence Address:
SAME

6/30/92
Date of Imposition of Sentence

Ronald R. Lagueux
Signature of Judicial Officer

RONALD R. LAGUEUX U.S.D.J.
Name & Title of Judicial Officer

7/11/92
Date

AO 245 B (Rev. 6/90) Sheet 2 - Imprisonment

Defendant: James E. Kiernan
Case Number: CR 92-51-02L

Judgment—Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ______.

Count 1: 21 months

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district.
☐ at ______ a.m. p.m. on ______
☐ as notified by the United States marshal.
☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
☒ before ~~2 p.m. on~~ 12:00 noon on Aug 3,1992
☐ as notified by the United States marshal.
☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

VOLUNTARILY SURRENDERED
Defendant ~~delivered~~ on 08-03-1992 to FPC SCHUYLKILL, PO BOX 700 at MINERSVILLE, PA 17954, with a certified copy of this judgment.

COPY OF EXECUTED J&C FORWARDED TOUSM-PRI ON 08-03-1992.

L. J. EDWARDS

G. C. WIGEN, WARDEN
United States Marshal

By L. J. EDWARDS, CMGMT. TECHNICIAN
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
5 years on Count 1

While on supervised release, the defendant shall not commit another federal, state, or local crime [illegible] illegally possess a controlled substance. The defendant shall comply with the standard conditions [illegible] adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a [illegible] supervised release that the defendant pay any such restitution that remains unpaid at the commence[illegible] term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defend[illegible] within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervi[illegible]

☐ The defendant [illegible] firearm or destructive device.

_ The defendant shall pay restitution in the amount of:
$52[illegible].00 to: OLD STONE BANK JOINTLY W/BROTHER
[illegible] to: CITI[illegible] JOINTLY W/BROTHER
XX[illegible].00 to: CITI[illegible] SEPARATELY
On a schedule to be determined by probation office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local [illegible]

1) [illegible] the court or probation officer;
2) [illegible] as directed by the court or probation officer and shall submit a truthful and complete [illegible] the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: James E. Kiernan
Case Number: CR 92-51-02L

Judgment—Page 5 of 5

## STATEMENT OF REASONS

XX The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 16

Criminal History Category: 1

Imprisonment Range: 21 to 27 months

Supervised Release Range: 3 to 5 years

Fine Range: $ 5,000 to $ 1,000,000

☐ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ 666,800.00 jointly w/brother & 69,220.00 seperately

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

Defendant: James E. Kiernan
Case Number: CR 92-51-02L

Judgment—Page 4 of 5

## RESTITUTION AND FORFEITURE

### RESTITUTION

XX The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | | Amount of Restitution |
|---|---|---|
| OLD STONE BANK | JOINTLY W/BROTHER | $526,800.00 |
| CITIZENS BANK | JOINTLY W/BROTHER | $140,000.00 |
| CITIZENS BANK | XXXXXXXXXXXXXXXXXXX SEPERATELY | $69,220.00 |

Payments of restitution are to be made to:

- ☐ the United States Attorney for transfer to the payee(s).
- ☐ the payee(s).

Restitution shall be paid:

- ☐ in full immediately.
- ☐ in full not later than ______________.
- ☐ in equal monthly installments over a period of ________ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.

XX☐ in installments according to the following schedule of payments:

Restitution will be paid on a schedule determined by probation office.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

### FORFEITURE

☐ The defendant is ordered to forfeit the following property to the United States: