UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN<br><br>Plaintiffs,<br>vs.<br><br>CITIZENS BANK OF RHODE ISLAND and the FEDERAL DEPOSIT INSURANCE CORPORATION<br><br>Defendants | C.A. No. 05-292-S |

**FIRST AMENDED COMPLAINT**

**Parties**

1. Plaintiff James E. Kiernan resides at 25 Severin Court, East Greenwich, Rhode Island, 02818.
2. Plaintiff Paul Kiernan resides at 9 Graywood Drive, Lincoln, Rhode Island 02865.
3. Defendant Citizens Bank of Rhode Island, upon information and belief, is a Rhode Island financial institution with offices at One Citizens Plaza, Providence, Rhode Island 02903.
4. Defendant Federal Deposit Insurance Corporation, upon information and belief is a federally charted quasi-public corporation with offices at 550 17th Street NW, Washington, D.C. 20429.

**Background**

5. Defendant Citizens Bank of Rhode Island, upon information and belief, is successor in interest to Citizens Trust Company and Citizens Savings Bank with respect to certain overdrafts by Norwood Leasing Company and/or Kiernan Leasing Company incurred between 1990 and 1991 which totaled $140,000.

6. Defendant Citizens Bank of Rhode Island, upon information and belief, is successor in interest to Citizens Trust Company and Citizens Savings Bank with respect to certain overdrafts by Norwood Leasing Company and/or Kiernan Leasing Company associated with double-financing of vehicles by Plaintiff James B. Kiernan which totaled $69,220.00

7. Angeline Kiernan, mother of the Plaintiffs, on behalf of her sons against whom criminal proceedings had been instituted, agreed to pay $140,00 plus car lease proceeds of $25,907.22 to Defendant Citizens Bank's predecessors in interest to reduce the overdrafts and corresponding restitution to the Bank. She pledged several properties as security for said payments.

8. Citizens Trust Company initiated a collection action in Providence County Superior Court encaptioned Citizens Trust Company v. Norwood Leasing Co., Angelina M. Kiernan, James E. Kiernan, III, Paul A. Kiernan and Kiernan Leasing Co., C.A.No. PC91-7860, which was dismissed on or about April 4, 1996 in consideration of payments of $140,000 by Angeline Kiernan and an additional payment by James Kiernan.

9. The Federal Deposit Insurance Corporation, upon information and belief, is successor in interest to Old Stone Bank with respect to overdrafts by Norwood Leasing Co. and/or Kiernan Leasing Co. totaling $526,800.

10. Before the FDIC assumed the Old Stone Bank's interest, Angeline Kiernan, on behalf of the sons (Plaintiffs James and Paul Kiernan) pledged to Old Stone Bank several pieces of property she owned or controlled that the Bank sold to satisfy the overdrafts.

11. On July 24, 1992, almost immediately after the Plaintiffs were sentenced for bank fraud pursuant to plea bargains, Old Stone Bank auctioned 1002 Main Street, East Greenwich, Rhode Island pursuant to Affidavit (by Old Stone Bank Vice President Kristen LaPrise) of Sale Under Power of Sale in Mortgage from Mrs. Kiernan to Joseph Zenga and Ursula Zenga for $137,500 but the Bank failed to credit the Plaintiffs with this amount toward restitution.

12. On July 28, 1992, almost immediately after the Plaintiffs were sentenced for bank fraud pursuant to a plea bargain, Old Stone Bank auctioned property at Post Road, Warwick, Rhode Island pursuant to Affidavit (by Kristen LaPrise) of Sale Under Power of Sale in Mortgage by Mrs. Kiernan to John P. Leyden and Maureen Leyden for $70,500 but the Bank failed to credit Plaintiffs with this amount toward restitution.

13. On June 30, 1992, Defendant James E. Kiernan was convicted of one count of bank fraud and sentenced to 21 months in federal prison together with an order of restitution that he jointly pay with co-defendant Paul A. Kiernan $526,800 to Old Stone Bank, $140,000 to Citizens Bank and that James separately pay Citizens Bank

$69,220 in accordance with a restitution payment schedule to be determined by the Probation Office. See Restitution Order attached hereto.

14. After sentencing, Paul Kiernan began making restitution payments of $50 per month until the settlement with Citizens Bank in April 1996 when Plaintiffs resolved all restitution obligations as Citizens Bank had assumed the pertinent assets of the failed Old Stone Bank.

15. Upon his release from prison after serving 18 months, James Kiernan began making restitution payments of $75 per month until the April 1996 settlement with Citizens Bank settled all restitution obligations of the Plaintiffs to Citizens Bank and Old Stone Bank.

16. In 2002 the U.S. Department of Justice informed Paul Kiernan that he still owed $732,095 in restitution despite the settlement.

17. Over Paul Kiernan's protests and objections, the Government garnished 25% of his wages and have collected approximately $40,000 from him since September 2004.

18. Since July 1998, James Kiernan has made restitution payments which increased on or about November 2004 from $75 per month to $1,750 per month which he has diligently maintained since that date, paying over $40,000 in restitution and reducing the total alleged indebtedness to less than $670,000.

19. Plaintiffs learned for the first time in early 2006 that the United States Attorney's Office in Providence, Rhode Island has retained most but not all of the restitution payments and that Citizens Bank of Rhode Island has received a small fraction of the Kiernans' payments and dollars.

20. Plaintiffs learned for the first time in early 2006 that the FDIC contends that it is still owed the full amount of the original restitution order notwithstanding payments received and settlements made by the FDIC's successor in interest, Old Stone Bank.

21. Despite repeated demands by Plaintiffs for credit of the payments of $207,500 made to Old Stone Bank through sale of Mrs. Kiernan's property, or an accounting of restitution payments received by the FDIC, the Defendant FDIC has failed and refused to comply.

22. Upon information and belief, both Defendants received good and valuable consideration from Norwood Leasing Company and Angeline Kiernan in satisfaction of the indebtedness of Plaintiffs James E. Kiernan and Paul A. Kiernan.

23. Angeline Kiernan's settlement obligations to Citizens Bank and Old Stone Bank were voluntarily undertaken solely to mitigate the severity of her sons' sentences by reducing the restitution owed.

24. Because the $140,000 in payments to Citizens Bank were made after sentencing and no proper effort was made to modify the Restitution Order at that time, credit was not appropriately applied to the Restitution Order and records of the U.S. Attorney. Citizens Bank, however, has no balance due.

25. Because $207,500 in payments to Old Stone Bank were made in July 1992 without properly modifying the Restitution Order, credits were not appropriately applied to the Restitution Order and records of the U.S. Attorney. The FDIC is owed no more than $319,300 less installments made to the U.S. Attorney totaling over $80,000.

26. Plaintiffs were informed by their then-attorney not to worry about any restitution payments after the settlement and dismissal of Citizens Bank in 1996, believing in

good faith that the Restitution Order had been satisfied by the payments made by Angeline, James and Paul prior to April 1996.

**Jurisdiction**

27. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. section 1331.

**Count I - Declaratory Judgment Against Citizens**

28. Plaintiffs hereby restate and incorporate by reference paragraphs 1-27 as if fully set forth herein.

29. Pursuant to the Fed. R. Civ. P. 57 and 28 U.S.C. §2201, Plaintiffs seek a Declaratory Judgment that establishes the following:

a. That Defendant Citizens Bank of Rhode Island is the successor in interest to Citizens Savings Bank and Citizens Trust Company with respect to overdrafts incurred by Norwood Leasing Company and/or Kiernan Leasing Company for which James B. Kiernan and Paul A. Kiernan were ordered to make restitution;

b. That the indebtedness to Defendant Citizens Bank of Rhode Island was fully satisfied by payments made through April 4, 1996 by Angeline Kiernan, James E. Kiernan and Paul A. Kiernan;

c. That Old Stone Bank in July 1992 received proceeds totaling at least $207,500 from the sale of two properties Angeline Kiernan had voluntarily pledged to mitigate her sons' restitution;

d. That Old Stone Bank also should receive all restitution payments made by James Kiernan and Paul A. Kiernan after April 4, 1996 to be credited toward restitution;

e. The Restitution Order of June 30, 1992 which Judge Lagueux signed on July 11, 1992 is modified accordingly.

Respectfully Submitted,
Plaintiffs James E. Kiernan and Paul A. Kiernan
By and through their attorneys,

Harris K. Weiner, Esq. (#3779)
Jeffrey B. Pine, Esq. (#2278)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI 02903
401.351.8200 – Telephone
401.351-9032 – Facsimile

**CERTIFICATION**

I, the undersigned, hereby certify that on this 2nd day of August 2006, a copy of the foregoing *First Amended Complaint*, was faxed (401-861-8210) and mailed postage pre-paid to Melissa Darigan, Esq. Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903, and by Certified Mail, Return Receipt Requested to Bruce C. Taylor, Esq., Federal Deposit Insurance Corporation, 550 17th Street, NW, VS-7118, Washington, D.C. 20429, Attorney General Roberto Gonzalez, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001 and Michael Ianotti, Esq., United States Attorney's Office, 50 Kennedy Plaza, Providence, RI 02903.

~~Leslie A. Luciano~~