# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN,<br>Plaintiffs<br><br>v.<br><br>CITIZENS BANK OF RHODE ISLAND and the FEDERAL DEPOSIT INSURANCE CORPORATION,<br>Defendants | C.A. No. 05-292 S |

## <u>ANSWER OF CITIZENS BANK OF RHODE ISLAND TO FIRST AMENDED COMPLAINT</u>

Now comes defendant, Citizens Bank of Rhode Island ("CBRI"), and hereby answers plaintiffs' first amended complaint (the "Complaint") as follows:

### <u>Parties</u>

1. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

2. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

3. Admitted.

4. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

### <u>Background</u>

5. Admitted that CBRI is the successor in interest to Citizens Trust Company with respect to obligations owed to Citizens Trust Company by Norwood Leasing Company,

including overdrafts incurred in 1990-1991 in the amount of $140,000. CBRI is without sufficient information to respond to the allegations concerning Kiernan Leasing Company.

6. Admitted that CBRI is the successor in interest to Citizens Trust Company with respect to obligations owed to Citizens Trust Company by Norwood Leasing Company, including losses occasioned by double financing of vehicles in the amount of $69,220.00. CBRI is without sufficient information to respond to the allegations concerning Kiernan Leasing Company.

7. Denied.

8. Admitted that Citizens Trust Company initiated the collection action referenced in this paragraph. Denied that this action was dismissed in consideration of payments by any person.

9. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

10. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

11. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

12. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

13. Admitted. The document referenced speaks for itself.

14. Denied as to the referenced settlement. CBRI is without sufficient information to admit or deny the remaining allegations in this paragraph and leaves plaintiffs to their proof thereof.

15. Denied as to the referenced settlement. CBRI is without sufficient information to admit or deny the remaining allegations in this paragraph and leaves plaintiffs to their proof thereof..

16. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

17. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

18. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

19. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

20. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

21. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

22. Denied.

23. Denied.

24. Denied.

25. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

26. CBRI is without sufficient information to admit or deny the allegations in this paragraph and leaves plaintiffs to their proof thereof.

**Jurisdiction**

27. This paragraph calls for a legal conclusion to which no response is required.

**Count I (Declaratory Judgment Against Citizens)**

28. CBRI repeats and realleges its answers to paragraphs 1 through 27 of its answer as if each were more fully set forth herein.

29. This paragraph sets forth plaintiffs' requests for relief. No response is required. To the extent a response is required, CBRI denies the allegations and requests that the relief sought by plaintiffs be denied.

WHEREFORE, defendant, Citizens Bank of Rhode Island, requests that plaintiffs' Complaint be denied and dismissed in its entirety, and that CBRI be awarded its attorneys' fees and costs of defense and such other and further relief as may be deemed just and proper.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' Complaint is barred by the applicable statute of limitations.

3. CBRI pleads the affirmative defenses of waiver, estoppel, laches and unclean hands.

CITIZENS BANK OF RHODE ISLAND

By its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Melissa E. Darigan________________

Melissa E. Darigan (#4792)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
med@psh.com

DATED: August 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2006, a copy of the foregoing ANSWER OF CITIZENS BANK OF RHODE ISLAND TO FIRST AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Harris Weiner, Esq.
Law Offices of Jeffrey B. Pine
321 South Main Street
Suite 302
Providence, RI 02903
hkw@pinelaw.com

Bruce C. Taylor Esq.
Counsel - Financial Crimes Group
Federal Deposit Insurance Corporation
550 17th Street, NW
VS - 7118
Washington, DC 20429
btaylor@fdic.gov

/s/ Melissa E. Darigan _________________

873103_1/965-1139