**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES E. KIERNAN AND PAUL A KIERNAN,** Plaintiffs, | ) | |
| v. | ) | C.A. No. 05-292-S |
| **CITIZENS BANK OF RHODE ISLAND AND FEDERAL DEPOSIT INSURANCE CORPORATION** Defendants. | ) | |

**ANSWER OF FEDERAL DEPOSIT INSURANCE CORPORATION TO FIRST AMENDED COMPLAINT**

The Federal Deposit Insurance Corporation, as successor to Old Stone Bank (FDIC), answers the First Amended Complaint of James and Paul Kiernan (the Plaintiffs) as follows:

**Parties**

1. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 1 of the First Amended Complaint concerning the residence of Plaintiff James E. Kiernan.

2. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 2 of the First Amended Complaint concerning the residence of Paul Kiernan.

3. FDIC admits the averment of Paragraph 3 of the First Amended Complaint concerning Defendant Citizens Bank of Rhode Island (CBRI).

4. For its answer to the averments of Paragraph 4 of the First Amended Complaint, the FDIC submits the following: The Federal Deposit Insurance Corporation was created by Congress in 1933 as a body corporate and is authorized by statute to act in several different capacities. *See* 12 U.S.C. § 1819; 12 U.S.C. §§ 1821(a) and (c); and 12 U.S.C. § 1823(d)(3). In this action, the FDIC is appearing as statutory successor to the Resolution Trust Corporation (RTC). *See* 12 U.S.C. § 1441a(m)(1) and (2).

**Background**

5. FDIC assumes the truth of the averments of Paragraph 5 of the First Amended Complaint concerning CBRI.

6. FDIC assumes the truth of the averments of Paragraph 6 of the First Amended Complaint concerning CBRI

7. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the First Amended Complaint concerning any agreement between Angeline Kiernan and CBRI.

8. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the First Amended Complaint concerning the lawsuit referenced and the reason for its dismissal.

9. For its answer to the averments of Paragraph 9 of the First Amended Complaint, the FDIC submits the following: The FDIC is successor to Old Stone Bank's right to restitution payments in the original amount of $526,800 under judgments imposed on June 30, 1992, in *United States v. James E. Kiernan*, No. CR 92-51-02L, and *United States v. Paul Kiernan*, No. CR 92-51-01L, in the United District Court for the District of Rhode Island.

10. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the First Amended Complaint with respect to whether Angeline Kiernan pledged several properties to Old Stone Bank for the purpose of satisfying the referenced overdrafts. However, based on pertinent averments in the First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim.

11. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the First Amended Complaint with respect to the July 24, 1992, sale referenced and whether Old Stone failed to credit the sale proceeds of $137,500 toward the Plaintiffs' restitution order. The FDIC's payment records do not support the averment. However, based on pertinent averments in the First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim.

12. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the First Amended Complaint with respect to the July 28, 1992, sale referenced and whether Old Stone failed to credit the sale proceeds of $70,500 toward the Plaintiffs' restitution order. The FDIC's payment records do not support the averment. However, based on pertinent averments in the First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim.

13. FDIC admits the averments of Paragraph 13 of the First Amended Complaint with respect to the Plaintiffs' convictions and orders of restitution.

14. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the First Amended Complaint with respect to any monthly payments made by Paul Kiernan or the alleged settlement with CBRI.

15. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the First Amended Complaint with respect to any monthly payments made by James Kiernan or the alleged settlement with CBRI. Further, the FDIC notes that its payment records show that the FDIC has received only one lump sum payment of $1440.

16. On information, the FDIC admits the averment of Paragraph 16 of the First Amended Complaint that in 2002 the U.S. Department of Justice informed Paul Kiernan that he still owed $732,095. Further, the FDIC notes that its payment records indicate that the Plaintiffs still owe the FDIC $525,360.

17. On information, the FDIC admits the averment of Paragraph 17 of the First Amended Complaint that the Government garnished 25% of Paul Kiernan's wages and has collected approximately $40,000 from him since September 2004. Further, the FDIC notes that it has not received any of the garnished funds.

18. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 of the First Amended Complaint with respect to any monthly payments made by James Kiernan since July 1998.

19. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the First Amended Complaint with respect to the Plaintiffs' knowledge of how the United States Attorney's Office was administering any restitution payments.

20. For answer to the averments of Paragraph 20 of the First Amended Complaint, the FDIC submits the following: The FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to when the Plaintiffs' first learned that the FDIC believes that the Plaintiffs still owe restitution. As written, the FDIC is unable to answer the averment with respect to "payments received and settlements made by FDIC's successor in interest, Old Stone Bank," because Old Stone Bank is the FDIC's *predecessor* in interest, not its successor in interest. In any event, the FDIC denies any implication, contention, or conclusion that the Plaintiffs' restitution obligations to the FDIC have been fully satisfied.

21. The averments of Paragraph 21 of the First Amended Complaint mischaracterize or exaggerate the scope and nature of the Plaintiffs' communications with the FDIC. By letter dated December 21, 2005, Plaintiffs' counsel claimed that CBRI and Old Stone Bank had failed to properly credit certain payments toward the Plaintiffs' restitution order and cited such failure as the reason for this action. However, the original complaint in this action based the Plaintiffs' request for relief on a civil settlement to which the FDIC was not a party and which failed to even mention the Plaintiffs' criminal restitution obligation. By letter dated February 3, 2006, the Plaintiffs for the first time claimed that Old Stone Bank, the FDIC's predecessor in interest, had sold two parcels of real estate for the express purpose of reducing the Plaintiffs' restitution obligation but provided nothing more than references to the facts of the sales to support their claim. Finally, neither the December letter nor the February letter sent to the FDIC by Plaintiffs' counsel demanded an accounting. However, under cover of a letter dated January 12, 2006, the FDIC provided a copy of the FDIC's restitution payment record, which showed the receipt of only one payment in the amount of $1440. Nonetheless, based on pertinent averments in the

First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim.

22. For its answer to the averments of Paragraph 22 of the First Amended Complaint, the FDIC submits the following: FDIC denies that it has received anything from Norwood Leasing Company and Angeline Kiernan that satisfies the restitution indebtedness of James and Paul Kiernan. Nonetheless, based on pertinent averments in the First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to CBRI.

23. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 of the First Amended Complaint with respect to the existence or terms of any settlement obligations of Angeline Kiernan with respect to Old Stone Bank and denies any implication, contention, or conclusion that any settlement satisfied the Plaintiffs' restitution indebtedness. Nonetheless, based on pertinent averments in the First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim. The FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to CBRI.

24. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the First Amended Complaint with respect to the alleged payments to CBRI of $140,000 and their effect on the restitution order.

25. For its answer to the averments of Paragraph 25 of the First Amended Complaint, the FDIC submits the following: The FDIC is without knowledge or information sufficient to form a belief as to truth of the averments with respect to the alleged payments to Old Stone Bank

of $207,500 and their effect on the restitution order. The FDIC's payment records show that the Plaintiffs owe the FDIC $525,360. However, based on pertinent averments in the First Amended Complaint, the FDIC is in the process of reviewing old bank records to determine whether documentation exists to support the Plaintiffs' claim. The FDIC has not received any disbursals from the U.S. Attorney's Office or the U.S. District Court for Rhode Island and does not know if any disbursals will be made to the FDIC from any funds currently on deposit by the U.S. Attorney's Office or the district court.

26. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26 of the First Amended Complaint with respect to any representations made to the Plaintiffs in 1996 by their then-attorney and denies that any such representations could affect the obligations imposed on the Plaintiffs under the criminal restitution order issued in 1992.

**Jurisdiction**

27. FDIC admits that 28 U.S.C. § 1331 vests this Court with original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States but denies that the Court has jurisdiction to provide all the relief requested by the Plaintiffs. In particular, only the sentencing court has jurisdiction to modify the criminal restitution order.

**Count 1 – Declaratory Judgment Against Citizens**

28. FDIC repeats and incorporates each Answer to Paragraphs 1-27 of the First Amended Complaint.

29. The general averments of Paragraph 29 relate to the nature of this action and do not require an answer, except the FDIC denies that Fed. R. Civ. 57 and 28 U.S.C. § 2201 entitle

the Plaintiffs to all the relief requested. In further answer to the averments of subparagraphs a – e, the FDIC submits the following:

a. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to CBRI.

b. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to CBRI.

c. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to the purpose or effect of the sales by Old Stone Bank in July 1992, but as previously stated, the FDIC is reviewing old bank records to determine whether documents exist to support the Plaintiffs' claim.

d. FDIC is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to the receipt and proper disbursal of all restitution payments made by James and Paul Kiernan after April 4, 1996.

e. FDIC denies that the criminal restitution order can be modified in this proceeding.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

2. As against the FDIC, the Plaintiffs' claims for relief are barred to the extent the failed bank's records do not contain documents supporting the Plaintiffs' claims. *See* 12 U.S.C. § 1821(e).

3. Plaintiffs' First Amended Complaint is barred by the applicable statute of limitations.

4. Plaintiffs' First Amended Complaint is barred by one or more of the following defenses: waiver, estoppel, laches, and unclean hands.

5. The Court lacks jurisdiction to grant Plaintiffs' request to modify the criminal restitution order in this proceeding.

Wherefore, the FDIC requests the Court to dismiss the Plaintiffs' First Amended Complaint, with prejudice, and award the FDIC its attorney's fees and costs of defending this action and such other further relief to which it may be entitled.

Respectfully submitted,

Date: September 29, 2006

/s/ Bruce C. Taylor

Bruce C. Taylor
Federal Deposit Insurance Corporation
550 17th Street, NW
Room VS-E7118
Washington, DC 20429
(703) 562-2436 (Telephone)
(703) 562-2478 (Facsimile)

Counsel for Federal Deposit Insurance Corporation
Appearing pursuant to DRI LR 201(b)(1)