# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES E. KIERNAN AND PAUL A. KIERNAN,<br>Plaintiffs<br>v.<br><br>CITIZENS BANK OF RHODE ISLAND and the FEDERAL DEPOSIT INSURANCE CORPORATION,<br>Defendants | C.A. No. 05-292 S |

## DEFENDANT CITIZENS BANK OF RHODE ISLAND'S RULE 16 CONFERENCE STATEMENT OF FACTS

This civil action by James and Paul Kiernan against Citizens Bank of Rhode Island alleges that their mother, Angeline Kiernan, satisfied (at least in part) a criminal restitution order imposed against the brothers in 1992 by this Court (Lagueux, J.) for bank fraud involving Citizens Trust Company and Old Stone Bank. James and Paul allege that $140,000 paid to Citizens by Angeline as part of a civil settlement agreement among Angeline and Citizens Trust Company/Citizens Savings Bank in 1994 for commercial debt associated with two businesses operated by the Kiernan family, Norwood Leasing Company and JEK Realty Company, was intended to be applied to the criminal restitution order. The complaint seeks a declaratory judgment that the restitution order has been satisfied at least in part and that the restitution order be modified accordingly.

## Background

James and Paul Kiernan, along with their mother, Angeline Kiernan, were principals of Norwood Leasing Company, which maintained a lending relationship with Citizens Trust Company in the late 1980s and early 1990s. Norwood had a revolving line of credit with Citizens Trust, secured, among other things, by the personal guaranties of James, Paul and Angeline. In 1991, Norwood was declared to be in default by Citizens Trust, due to irregularities

and insufficiencies in their financial statements, defaults and other concerns relating to Norwood's payback to Citizens Trust on promissory notes associated with individual car leases, concerns about Norwood's double financing of certain vehicles, as well as losses sustained by Citizens Trust as a result of a check kiting scheme perpetrated by James and Paul with the Norwood checking account maintained at Citizens Trust which resulted in an overdraft of approximately $140,000. At the same time, another entity controlled by James, Paul and Angeline, called JEK Realty Company, was indebted to and declared to be in default by Old Stone Bank. James and Paul conducted their check kiting scheme at Old Stone Bank, which resulted in overdrafts at Old Stone of more than $526,000.

Both Citizens Trust and Old Stone (separately) initiated collections actions against Norwood and JEK, and their guarantors, for the loan defaults. Both complaints also included a claim for reimbursement of the overdrafts, and other losses caused by the brothers' fraudulent activities. Neither collections action progressed very far, in large part because James and Paul were indicted by the United States Government for the check kiting and other fraudulent schemes. The brothers pleaded guilty to the charges. Judge Lagueux ordered imprisonment of James for a period of 21 months and home confinement for Paul for a period of 6 months, plus 5 years probation for both. Judge Lagueux also ordered restitution be made to both Citizens Trust and Old Stone in the amount of $209,000 and $528,000, respectively ("Restitution Order").

**Restitution**

In the mid 1990s, the brothers made payments totaling approximately $4,200 in satisfaction of the Restitution Order. According to records maintained by the U.S. Attorney's Office, these payments were remitted to Citizens Trust in April 1994 and April 1995, mailed to the attention of James Monahan at 1 Citizens Plaza, Providence, Rhode Island. From the U.S.

Attorney's records, it appears these are the only restitution payments that have been remitted to the bank. In 2000, the U.S. Attorney's Office took note of the fact that the brothers were not making regular restitution payments and garnished the wages of one of the brothers. Upon such garnishment, the other brother began making regular payments on the Restitution Order. At this time, the U.S. Attorney's Office is holding approximately $32,000 in its court registry pending the outcome of the civil suit initiated against Citizens Bank.

**Angeline's Settlement**

In 1994, Angeline Kiernan, through her attorneys at Adler Pollock & Sheehan, entered into a settlement agreement for $140,000 with Citizens Trust and Citizens Savings Bank, which at that time had succeeded to the interest of Old Stone Bank in the loans to JEK Realty. The recited purpose of the settlement was to resolve and satisfy all of Angeline Kiernan's guarantor liability on the Norwood and JEK Realty commercial loans, as well as her liability to Old Stone Bank on a $100,000 promissory note she signed individually, which at that time had an outstanding balance of $75,000. There is nothing in the settlement agreement itself, or in the months of correspondence leading to the execution of the settlement agreement, to indicate that Angeline sought to satisfy the Restitution Order.

CITIZENS BANK OF RHODE ISLAND

By its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Melissa E. Darigan
Melissa E. Darigan (#4792)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
med@psh.com

DATED: November 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2006, a copy of the foregoing Rule 16 CONFERENCE STATEMENT was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Harris Weiner, Esq.
Law Offices of Jeffrey B. Pine
321 South Main Street
Suite 302
Providence, RI 02903
hkw@pinelaw.com

Bruce C. Taylor Esq.
Counsel - Financial Crimes Group
Federal Deposit Insurance Corporation
550 17th Street, NW
VS - 7118
Washington, DC 20429
btaylor@fdic.gov

/s/ Melissa E. Darigan ________________

888057_1/965-1139